Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Justin T. Eichhorst** | |
| | First Name    Middle Name | Last Name |
| Debtor 2 | **Pellagia E. Eichhorst** | |
| (Spouse, if filing) | First Name    Middle Name | Last Name |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF IOWA** | |
| Case number: | **20-00889** | |
| (If known) | | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
Section 3.2

Official Form 113

# Chapter 13 Plan    (First Modified Plan)                                                    12/17

## Part 1:   Notices

**To Debtor(s):**  This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2:   Plan Payments and Length of Plan

**2.1    Debtor(s) will make regular payments to the trustee as follows:**

**$1,477.23** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☐ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Justin T. Eichhorst** | Case number | **20-00889** |
|---|---|---|---|
| | **Pellagia E. Eichhorst** | | |

- ☑ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

- ☐ Debtor(s) will treat income refunds as follows: _____

**2.4 Additional payments.**
*Check one.*

- ☐ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

- ☑ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
  **Debtors shall pay all tax refunds into the plan which projects to make this a 100% plan prior to the conclusion of 60 months.**

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>88,633.80</u>.

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Rushmore Loan Management** | **6601 Michael Rd. Palo, IA 52324** | $1,650.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | Prepetition: $24,690.49 | 0.00% | $748.20 | $24,690.49 |

*Insert additional claims as needed.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be

| Debtor | **Justin T. Eichhorst** | Case number | **20-00889** |
|---|---|---|---|
| | **Pellagia E. Eichhorst** | | |

treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **Wells Fargo Dealer Services** | **$9,959.00** | **2011 Chevrolet Traverse 143000 miles** | **$9,050.00** | **$0.00** | **$9,050.00** | **4.50%** | **$294.75** | **$9,726.82** |

*Insert additional claims as needed.*

**3.3   Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐  **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑  The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Capital One Auto** | **2013 Chevrolet Silverado 1500 167500 miles** | **$7,372.00** | **4.00%** | **$238.17** | **$7,859.68** |
| | | | | Disbursed by: ☑ Trustee ☐ Debtor(s) | |

*Insert additional claims as needed.*

**3.4   Lien avoidance.**

*Check one.*

☑  **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5   Surrender of collateral.**

*Check one.*

☑  **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**Part 4:   Treatment of Fees and Priority Claims**

| Debtor | **Justin T. Eichhorst** | Case number | **20-00889** |
|---|---|---|---|
| | **Pellagia E. Eichhorst** | | |

**4.1**    **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**    **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **9.09**% of plan payments; and during the plan term, they are estimated to total $**8,056.80**.

**4.3**    **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**3,995.00**.

**4.4**    **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑    **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5**    **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑    **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5:    Treatment of Nonpriority Unsecured Claims

**5.1**    **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐    The sum of $         .
☐    _____% of the total amount of these claims, an estimated payment of $_____.
☑    The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $   **0.00**   . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑    **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**    **Other separately classified nonpriority unsecured claims.** *Check one*.

☑    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6:    Executory Contracts and Unexpired Leases

**6.1**    **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7:    Vesting of Property of the Estate

**7.1**    **Property of the estate will vest in the debtor(s) upon**
    *Check the appliable box:*

| Debtor | **Justin T. Eichhorst** | Case number | **20-00889** |
|---|---|---|---|
| | **Pellagia E. Eichhorst** | | |

- [✓] plan confirmation.
- [ ] entry of discharge.
- [ ] other: _____

## Part 8: Nonstandard Plan Provisions (See Addendum)

**8.1  Check "None" or List Nonstandard Plan Provisions**

[ ]  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***
 **Debtors shall turn over all tax refunds which will make this a 100% plan prior to the conclusion of five years.**

## Part 9: Signature(s):

**9.1  Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X _____          X _____
**Justin T. Eichhorst**                                   **Pellagia E. Eichhorst**
Signature of Debtor 1                                    Signature of Debtor 2

Executed on _____                       Executed on _____

X _____          Date _____
**Kevin D. Ahrenholz AT0000438**
Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **Justin T. Eichhorst** | Case number | **20-00889** |
|---|---|---|---|
| | **Pellagia E. Eichhorst** | | |

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$24,690.49** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$9,726.82** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$7,859.68** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$12,051.80** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$34,305.01** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)*    + | **$0.00** |
| | **Total of lines a through j** | **$88,633.80** |

Other Provisions

    A.   The debtor shall pay all disposable income to the supervision of the Trustee for payment to unsecured creditors.

    B.  All secured creditors shall retain their lien, to the extent recognized under nonbankruptcy law, in the event of dismissal or conversion.  All listed secured creditors, other than governmental entities, with an arrearage claim, failing to file a claim with the court for the arrearage prior to the later of the claims deadline or one year from the date of petition filing, waives the default and its claim for the arrearage, and shall treat the arrearage as paid in full, and treat the default as cured, and shall promptly report it accordingly.  Any secured claim that is paid in full and/or partially discharged shall promptly release its lien and turn title to the secured asset over to debtor upon satisfaction of the secured portion of the debt or at the time of discharge, whichever occurs first.  The amount of any monthly payment on any secured debt (including retirement loan repayments) that is paid in full during the plan, which is listed as a monthly deduction or expense on Schedules I and/or J, shall be added to disposable income and paid to the trustee upon payoff of the secured debt, unless the fully amortized secured debt is replaced with other debts or expenses which offset the monthly payment amount of the amortized secured debt.

    C.   Debtors shall make direct payment to all secured creditors (not otherwise provided for herein) at the monthly contractual amount under the terms of each respective contract, beginning with the first payment due following the order for relief, prorated to the date of filing.  Interest rates on secured debts (not otherwise provided for herein) shall be paid by debtor through the length of the plan at the contractual rate calculated on the date of filing in accordance to the respective security agreement and shall remain fixed and shall not adjust during these proceedings.

    D. Nondischargeable student loans, and other nonpriority nondischargeable debt shall be paid with unsecured creditors through the plan, and shall not be discharged upon completion of the plan, unless paid in full.  Any other creditor, other than a governmental entity, waiving its right to file a claim hereby waives its claim, and any alleged debt owed to such creditor shall be discharged notwithstanding priority, secured, or nondischargable status.  Nothing herein precludes a party in interest from asserting a claim to determine dischargeability of any debt to the court in the form of an adversary proceeding, or alters the provisions of Sections 523 or 1328 of the bankruptcy code.

    E.   All lump sum payments proposed herein reflect estimates of tax refunds debtor anticipates receiving, unless otherwise identified herein.  All claim amounts identified by debtors herein are good-faith estimates from the information debtor has upon the date of filing.  The claims report, as filed by the Trustee and approved by the court (subject to reconsideration, hearing, and order), shall control.  Nothing with respect to the amount of any claim scheduled by Debtor shall be construed to modify the rights of any secured creditor, unless otherwise provided for herein. Any disagreement between Debtor and Creditor as to claim amount shall be determined through the claims process.

    F.   Debtor is hereby authorized to pay out of tax refunds those expenses necessary to pay for the preparation of the tax returns.  In addition, if the Debtor receives a refund from one taxing authority, Debtor may use that refund to pay those taxes owed to the other taxing authority.  The balance of the non-exempt tax refund shall be turned over to the Trustee.

    G.  Lien Avoidance.  The following liens shall be avoided pursuant to 11 U.S.C. 522(f), or other applicable sections of the Bankruptcy Code: None.

    H.  Arrearages:  Debtors propose to de-accelerate mortgage and cure mortgage arrearage and reinstate all delinquent loans.  Upon completion of the plan and discharge, said loan shall be reinstated, and any Iowa District Court proceedings shall be dismissed. The first post-petition loan payments shall be tendered on or before the first monthly payment due date following the filing of this Plan directly from debtors to lender at the address identified in the Note and/or security agreement, or in accordance to past practice, or to the address of the attorney representing lender.  Lender's refusal to post or apply timely received payments shall not be cause for debtor's default of post petition payments.  Except in the case of post petition delinquencies, all payments shall amortize the post petition principal and interest of the loan for the month to which the payment corresponds, as though there is no delinquency, without any deduction for pre-petition late charges or other pre-petition arrearages that are being repaid through the plan trustee.  Return of any timely received payment to debtors shall constitute receipt and posting by Lender for purposes of post petition payments, with credit given to debtors in the amount tendered.  A secured creditor may obtain court approval to reject post petition payments in the event the contract allows. The Lender securing the first mortgage shall pay all real estate tax payments and homeowners' insurance premiums (the escrow payments) from payments that are being paid outside the plan (or from payments directly to the creditor from debtor within or outside the plan).  In the event the contract allows the creditor to de-escrow

the loan, the creditor shall obtain debtor's written consent, or court approval with notice to the debtor, prior to doing so.  The arrearage to all secured debt stated in the plan is an estimate.  The claims report, as filed by the Trustee and approved by the court (subject to reconsideration, hearing, and order), shall control.